COMMANDANT OF FORT DELAWARE (UNITED STATES v.). See Case No. 14,-842.

━━━━

## Case No. 3,054.

### The COMMERCE.

[1 Spr. 34.][1]

District Court, D. Massachusetts. Oct., 1842.

SEAMEN'S WAGES—DEMAND OF RECEIPT—DISPUTE —LIBEL IN PERSONAM.

1. The statute which precludes a seaman from having admiralty process for his wages against the vessel until ten days after the discharge of

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

the cargo, does not affect his right to proceed in personam.

2. It is improper to require of a seaman a receipt in full of all claims, as a condition of the payment of his wages.

3. A demand of wages and a refusal by the owner to pay, till after ten days, does not constitute a dispute, within the statute, so as to authorize process in rem before the expiration of the ten days.

This was an application for admiralty process to issue against the vessel in a cause of subtraction of wages. The voyage was ended on the twenty-eighth of September last. The crew on that day were discharged, and were told to come to the counting-room of the owner, where they would receive their wages. They repaired to the counting-room, where the clerk made up the balance due to each man, and paid them off, on their signing a receipt printed on the back of the articles, which, in consideration of the sum so received, released as well the claim for wages, as also all other claims for assaults and batteries, and imprisonments, &c., &c. The libellant refused to sign this receipt, but offered to sign a release of his claim for wages. The owner persisted in requiring him to sign the same receipt which had been signed by the other men, and informed him, that if he did not sign it, he must wait till the expiration of ten days from the discharge of the cargo, and that in the mean time "the money would be in good hands." The mariner filed his libel on the next day. The owner appeared under protest, and contested the right of the libellant to take out admiralty process against the vessel, by reason of the statute of 1790 (chapter 29, § 6 [1 Stat. 133]), which provides that "if such wages shall not be paid within ten days after such discharge (of the cargo), or if any dispute shall arise between the master and seamen, or mariners, touching the said wages," admiralty process shall issue.

R. H. Dana, Jr., for libellant.
C. H. Parker, for the owner.

SPRAGUE, District Judge. The requirement of the owner that the mariner should sign the receipt, in this case, was clearly wrong. The practice of requiring such a receipt, in which upon the mere payment of the wages due, all claims of whatever kind are released to the master, owners and officers, has become so inveterate that the receipt itself is actually printed on the back of the articles. Every intelligent person knows, or ought to know, that as a release of anything but the claim for wages, such a receipt is void; and it is time that intelligent shipowners should abandon a practice, which, in the use often made of it, is delusive and immoral. It is delusive, because the receipt cannot be made to operate as it is intended; and it is immoral, because it attempts to obtain from the seamen, and sometimes causes them to believe that it has obtained from

them, a surrender of rights which they might otherwise enforce, without giving them any consideration for that surrender. I feel called upon thus to animadvert upon this practice, because, in the present case, it is the source of all the difficulties between these parties. It is contended by the libellant's counsel that the wages, in the present case, were immediately payable on the day when the receipt was demanded, and that requiring that receipt was wrong. In this I fully concur. The seamen were entitled to their wages, and the refusal to pay, unless the libellant should sign the receipt, was improper. But the question is, what remedy had the mariner upon that refusal? Two remedies were undoubtedly open to him, the one a suit at common law, against the master or owner, the other a libel in personam in this court. It is insisted by counsel that the seaman could not have had the latter of these remedies, within the ten days, any more than process against the vessel. But in this I do not concur. The statute provides that process shall not issue against the vessel, within the ten days: but it says nothing about a suit in personam. It is not necessary to go into the reasons which seemed to the legislature sufficient for this distinction. We take the statute as we find it; and we find that, whereas by the general law, the mariner had both remedies in rem and in personam, open to him within ten days, as well as within any other time, the statute intercepts one of them for that period. But it precludes only one, and being in its nature a restraining act, those remedies which it does not expressly cut off, are to be presumed to remain. Mr. Dunlap, in his Admiralty Practice, says, that it has not been thought, in this district, that suits may be commenced in personam within the ten days; but he cites no decision. I regard what he says rather as his opinion of a matter of practice, than as historical evidence of the judgment of my predecessor. I am the more confirmed in the view I take, from the fact that Judge Betts (Adm. Pr. 67) holds that a suit in personam may be commenced within ten days.

There was then a personal remedy open to the mariner, when he filed the present libel. But the right to process against the vessel, within ten days, is governed by the statute, and it is necessary that the case should be brought within its provisions. It is contended that the case is within the statute, because "a dispute" had arisen touching the wages, inasmuch as the owner had refused to pay, unless the mariner would sign a receipt, which he was clearly not bound to sign. I agree that a general and unqualified refusal to pay, except upon an improper condition, is tantamount to an absolute refusal; and if the owner had declared that he never would pay, except upon the signing of the receipt which he tendered, that might have created a dispute, within the meaning

of the statute; for it would have been a denial of the absolute right of the seaman to his wages at any future day, and a refusal ever to pay, except upon the prescribed condition. But the evidence does not show either an absolute refusal, or what is equivalent thereto. There was no declaration that he would never pay, but only that he would not for ten days; the owner saying that in the meantime the money would be in safe hands. I cannot agree that this was a dispute, within the meaning of the statute. The amount of wages was ascertained; the title to them was admitted; no deduction was claimed. The owner merely said that he should not pay, till after ten days. If this be a dispute, within the meaning of the law, then every refusal of immediate payment, merely from convenience or necessity, must also be deemed such. The statute permits admiralty process, where a dispute has arisen touching the mariner's title to what he claims as his due. I do not think that a mere postponement of payment creates the statute dispute, and I am therefore of opinion that the application for the process is premature.

See Collins v. Nickerson [Case No. 3,016]; The William Jarvis [Id. 17,697]; The Sarah Jane [Id. 12,348]; The Eagle [Id. 4,233]; Freeman v. Baker [Id. 5,084]. Whether the discharge of the seaman authorizes process in rem before the expiration of the ten days, see The Cabot [Id. 2,277]; The Cypress [Id. 3,530]; The Mary [Id. 9,191].